IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DYLAN BLAKE LAPLANT,<br><br>Defendant. | CR 19-13-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I.   Synopsis

Defendant Dylan Blake LaPlant (LaPlant) has been accused of violating the conditions of his supervised release. (Doc. 38). LaPlant admitted to some of the alleged violations. LaPlant's supervised release should be revoked.  LaPlant should be sentenced to custody for a term of 3 months on Counts 1-13, with 117 months of supervised release to follow, with both the custodial and supervised release terms to run concurrently. During the first sixty (60) days of LaPlant's supervised release, he shall be placed at a secure in-patient substance abuse treatment facility such as Connections Corrections.  Following his completion of in-patient treatment, LaPlant shall be placed on Soberlink for a period of ninety (90) days.

## II.   Status

LaPlant pled guilty on June 11, 2019, to three counts of the offense of Distribution of Child Pornography, in violation of 18 U.S.C. § 225(A)(a)(2) and (b) as charged in Counts 1-3 of the Indictment and to ten counts of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(A)(a)(2) and (b) as charged in Counts 4-13 of the Indictment (Doc. 15). LaPlant was sentenced to 60 months of custody on Counts 1-13, with 10 years of supervised release to follow on all counts, with both the custodial terms and the supervised release terms to run concurrently. (Doc. 29). LaPlant's current term of supervised release began on May 17, 2024.

**Petition**

On August 26, 2024, the United States Probation Office filed a Petition requesting that the Court revoke LaPlant's supervised release. (Doc. 38). The Petition alleged LaPlant violated conditions of his supervised release by: (1) being in the company of children under the age of 18 without the prior written approval of his probation officer; (2) failing to comply with substance abuse treatment requirements on August 5, 2024; (3) failing to comply with substance abuse treatment requirements on August 7, 2024; (4) failing to report for sex offender treatment on August 7, 2024; (5) failing to notify his probation officer about a change in his employment;  (6) failing to follow the instructions of his probation officer on August 12, 2024; (7) using marijuana on August 11, 2024; (8) consuming alcohol on August 12, 2024; (9) failing to comply with substance abuse testing requirements

on August 23, 2024; and (10) failing to make his monthly restitution payments since May of 2024.

### Amended Petition

On September 17, 2024, the United States Probation Office filed an Amended Petition requesting that the Court revoke LaPlant's supervised release. (Doc. 41). The Amended Petition alleged LaPlant violated conditions of his supervised release by the added violations of: (11) failing to comply with substance abuse testing requirements on August 30, 2024; (12) committing another state crime, being charged with a misdemeanor offense on September 1, 2024; (13) consuming alcohol on September 1, 2024; and (14) being terminated from his outpatient sexual offender treatment program.

### Initial Appearance

LaPlant appeared before the Court on September 23, 2024. LaPlant was represented by counsel. LaPlant stated that he had read the Amended Petition and that he understood the allegations against him. LaPlant waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

### Revocation hearing

LaPlant appeared before the Court on September 23, 2024. LaPlant admitted that he had violated the conditions of supervised release as set forth in the Amended Petition by: (2) failing to comply with substance abuse treatment requirements on August 5, 2024; (3) failing to comply with substance abuse treatment requirements on August 7, 2024; (4) failing to report for sex offender treatment on August 7, 2024; (5) failing to notify his probation officer about a change in his employment within 72 hours; (7) using marijuana on August 11, 2024; (8) consuming alcohol on August 12, 2024; (9) failing to comply with substance abuse testing requirements on August 23, 2024; (10) failing to make his monthly restitution payments since May of 2024; (13) consuming alcohol on September 1, 2024; and (14) being terminated from his outpatient sexual offender treatment program. LaPlant denied the allegations of: (1) being in the company of children under the age of 18 without the prior written approval of his probation officer; (6) failing to follow the instructions of his probation officer on August 12, 2024; (11) failing to comply with substance abuse testing requirements on August 30, 2024; and (12) committing another state crime, being charged with a misdemeanor offense on September 1, 2024. The Government moved to dismiss allegations (1), (6), (11) and (12), which the Court granted. LaPlant's admitted violations are serious and warrant revocation of his supervised release.

**Sentencing hearing**

LaPlant appeared before the Court on September 23, 2024. LaPlant's violations are a Grade C. His criminal history category is I. LaPlant's underlying offenses are Class C felonies. LaPlant could be incarcerated for up to 24 months on Counts 1-13. LaPlant could be ordered to remain on supervised release for 120 months less any custody time on Counts 1-13. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.   Analysis

LaPlant's supervised release should be revoked. LaPlant should be sentenced to custody for a term of 3 months on Counts 1-13, with 117 months of supervised release to follow on all counts, with both the custodial and supervised release terms to run concurrently. This sentence is sufficient but not greater than necessary. During the first sixty (60) days of LaPlant's supervised release, he shall be placed at a secure in-patient substance abuse treatment facility such as Connections Corrections. Following his completion of in-patient treatment, LaPlant shall be placed on Soberlink for a period of ninety (90) days.

### IV.   Conclusion

The Court informed LaPlant that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed LaPlant of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to LaPlant that Judge Morris would

consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS**:

> That DYLAN BLAKE LAPLANT has violated the conditions of his supervised release by: (2) failing to comply with substance abuse treatment requirements on August 5, 2024; (3) failing to comply with substance abuse treatment requirements on August 7, 2024; (4) failing to report for sex offender treatment on August 7, 2024; (5) failing to notify his probation officer about a change in his employment within 72 hours; (7) using marijuana on August 11, 2024; (8) consuming alcohol on August 12, 2024; (9) failing to comply with substance abuse testing requirements on August 23, 2024; (10) failing to make his monthly restitution payments since May of 2024; (13) consuming alcohol on September 1, 2024; and (14) being terminated from his outpatient sexual offender treatment program..

The Court **RECOMMENDS:**

> That the District Court revoke LaPlant's supervised release and sentence LaPlant custody for a term of 3 months on Counts 1-13, with 117 months of supervised release to follow on all counts, with both the custodial and supervised release terms to run concurrently. During the first sixty (60) days of LaPlant's supervised release, he shall be placed at a secure in-patient substance abuse treatment facility such as Connections Corrections. Following his completion of in-patient treatment, LaPlant shall be placed on Soberlink for a period of ninety (90) days.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. Section 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 24th day of September 2024.

John Johnston
United States Magistrate Judge