# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>DYLAN BLAKE LAPLANT,<br><br>Defendant. | CR-19-13-GF-BMM<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on September 24, 2024. (Doc. 46.)

When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Bad Old Man v. Arn*, 474 U.S. 140, 153-52 (1986). This Court will review Judge Johnston's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Judge Johnston conducted a revocation hearing on September 23, 2024. (Doc. 42.) The United States accused Dylan LaPlant (LaPlant) of violating his conditions of supervised release by: (1) being in the company of children under the age of 18 without the prior written approval of his probation officer; (2) failing to

comply with substance abuse treatment requirements on August 5, 2024; (3) failing to comply with substance abuse treatment requirements on August 7, 2024; (4) failing to report for sex offender treatment on August 7, 2024; (5) failing to notify his probation officer about a change in his employment; (6) failing to follow the instructions of his probation officer on August 12, 2024; (7) using marijuana on August 11, 2024; (8) consuming alcohol on August 12, 2024; (9) failing to comply with substance abuse testing requirements on August 23, 2024; and (10) failing to make his monthly restitution payments since May of 2024; (11) failing to comply with substance abuse testing requirements on August 30, 2024; (12) committing another state crime, being charged with a misdemeanor offense on September 1, 2024; (13) consuming alcohol on September 1, 2024; and (14) being terminated from his outpatient sexual offender treatment program.   (Docs. 38 and 41.)

At the revocation hearings LaPlant admitted to having violated the conditions of his supervised release by: (2) failing to comply with substance abuse treatment requirements on August 5, 2024; (3) failing to comply with substance abuse treatment requirements on August 7, 2024; (4) failing to report for sex offender treatment on August 7, 2024; (5) failing to notify his probation officer about a change in his employment within 72 hours; (7) using marijuana on August 11, 2024; (8) consuming alcohol on August 12, 2024; (9) failing to comply with substance abuse testing requirements on August 23, 2024; (10) failing to make his

monthly restitution payments since May of 2024; (13) consuming alcohol on September 1, 2024; and (14) being terminated from his outpatient sexual offender treatment program. LaPlant denied the allegations of: (1) being in the company of children under the age of 18 without the prior written approval of his probation officer; (6) failing to follow the instructions of his probation officer on August 12, 2024; (11) failing to comply with substance abuse testing requirements on August 30, 2024; and (12) committing another state crime, being charged with a misdemeanor offense on September 1, 2024. The Government moved to dismiss allegations (1), (6), (11) and (12), which the Court granted.  (Doc. 42.)

Judge Johnston found that the violations LaPlant admitted prove serious and warrants revocation of his supervised release and recommends a sentence of 3 months on Counts 1-13, with 117 months of supervised release to follow on all counts, with both the custodial and supervised release terms to run concurrently. Judge Johnston also recommends that during the first sixty (60) days of LaPlant's supervised release, he shall be placed at a secure in-patient substance abuse treatment facility such as Connections Corrections. Following his completion of in-patient treatment, LaPlant shall be placed on Soberlink for a period of ninety (90) days. (Doc. 46.) LaPlant was advised of the 14 day objection period and his right to allocute before the undersigned. (Doc. 42.)

The violations prove serious and warrants revocation of LaPlant's supervised release. The Court finds no clear error in Judge Johnston's Findings and Recommendations.

Accordingly, **IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 46.) are **ADOPTED IN FULL.  IT IS FURTHER ORDERED** that Dylan Blake LaPlant be sentenced to a term of custody of 3 months on Counts 1-13, with 117 months of supervised release to follow on all counts, with both the custodial and supervised release terms to run concurrently. During the first sixty (60) days of LaPlant's supervised release, he shall be placed at a secure in-patient substance abuse treatment facility such as Connections Corrections. Following his completion of in-patient treatment, LaPlant shall be placed on Soberlink for a period of ninety (90) days.

DATED this 9th day of October, 2024.

_____
Brian Morris, Chief District Judge
United States District Court