IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DYLAN BLAKE LAPLANT,<br><br>Defendant. | CR 19-13-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I.   Synopsis

Defendant Dylan Blake LaPlant (LaPlant) has been accused of violating the conditions of his supervised release. (Docs. 50 and 53). LaPlant admitted alleged violations 1-10 and 12. LaPlant's supervised release should be revoked. LaPlant should be sentenced to custody for 4 months, with 113 months of supervised release to follow.

## II.   Status

LaPlant pled guilty on June 11, 2019, to the offense of Distribution of Child Pornography, in violation of 18 U.S.C. § 2250(A)(a)(2) and (b) as charged in Counts 1-3 of the Indictment and to ten counts of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(A)(a)(2) and (b) as charged in Counts 4-13 of the Indictment. (Doc. 15). LaPlant was sentenced to 60 months of custody on Counts 1-13, with 10 years of supervised release to follow on all counts, with both the custodial terms and the supervised release terms to run concurrently. (Doc. 29). LaPlant's current term of supervised release began on November 29, 2024.

**Petition**

On February 27, 2025, the United States Probation Office filed a Petition requesting that the Court revoke LaPlant's supervised release. (Doc. 50). The Petition alleged LaPlant violated conditions of his supervised release by: (1) failing to comply with alcohol testing requirements by submitting a late Soberlink test on February 14, 2025; (2) failing to comply with substance abuse testing requirements on February 18, 2025; (3) failing to comply with alcohol testing requirements by submitting a late Soberlink test on February 18, 2025; (4) accessing the internet without the approval of his probation officer during February of 2025; (5) communicating or interacting with a convicted felon without the permission of his probation officer during February of 2025; (6) failing to comply with substance abuse testing requirements on February 25, 2025; (7) failing to report for sex

offender treatment on February 26, 2025; (8) failing to comply with substance abuse treatment requirements on February 26, 2025; (9) being terminated from sex offender treatment on February 26, 2025; (10) using alcohol on or about February 27, 2025; and (11) failing to make any restitution payments as of February 27, 2025.

### Amended Petition

On March 3, 2025, the United States Probation Office filed an Amended Petition requesting that the Court revoke LaPlant's supervised release. (Doc. 53). The Amended Petition alleged LaPlant violated conditions of his supervised release by the added violation of: (12) in the weeks leading up to his arrest on February 28, 2025, having access to a cell phone without the approval of his probation officer.

### Initial Appearance

LaPlant appeared before the Court on March 11, 2025. LaPlant was represented by counsel. LaPlant stated that he had read the Amended Petition and that he understood the allegations against him. LaPlant waived his right to a preliminary hearing.

### Revocation hearing

LaPlant appeared before the Court on March 11, 2025. The parties consented to proceed with the revocation hearing before the undersigned. LaPlant admitted that he had violated the conditions of supervised release as set forth in the Petition by: (1) failing to comply with alcohol testing requirements by submitting a late

Soberlink test on February 14, 2025; (2) failing to comply with substance abuse testing requirements on February 18, 2025; (3) failing to comply with alcohol testing requirements by submitting a late Soberlink test on February 18, 2025; (4) accessing the internet without the approval of his probation officer during February of 2025; (5) communicating or interacting with a convicted felon without the permission of his probation officer during February of 2025; (6) failing to comply with substance abuse testing requirements on February 25, 2025; (7) failing to report for sex offender treatment on February 26, 2025; (8) failing to comply with substance abuse treatment requirements on February 26, 2025; (9) being terminated from sex offender treatment on February 26, 2025; (10) using alcohol on or about February 27, 2025; and (12) in the weeks leading up to his arrest on February 28, 2025, having access to a cell phone without the approval of his probation officer. The Government moved to dismiss allegation (11), which the Court granted. LaPlant's admitted violations, 1-10 and 12, are serious and warrant revocation of his supervised release.

**Sentencing hearing**

LaPlant appeared before the Court on March 11, 2025. LaPlant's violations are a Grade C. His criminal history category is I. LaPlant's underlying offenses are Class C felonies. LaPlant could be incarcerated for up to 24 months on Counts 1-13. LaPlant could be ordered to remain on supervised release for 117 months less

any custody time on Counts 1-13. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

## III.   Analysis

LaPlant's supervised release should be revoked. LaPlant should be sentenced to custody for 4 months, with 113 months of supervised release to follow. This sentence is sufficient but not greater than necessary.

## IV.   Conclusion

The Court informed LaPlant that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed LaPlant of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to LaPlant that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That DYLAN BLAKE LAPLANT has violated the conditions of his supervised release by: (1) failing to comply with alcohol testing requirements by submitting a late Soberlink test on February 14, 2025; (2) failing to comply with substance abuse testing requirements on February 18, 2025; (3) failing to comply with alcohol testing requirements by submitting a late Soberlink test on February 18, 2025; (4) accessing the internet without the approval of his probation officer during February of 2025; (5) communicating or interacting with a convicted felon without the permission of his probation officer during February of 2025; (6) failing to comply with substance abuse testing requirements on February 25, 2025; (7) failing to report for sex offender treatment on February 26, 2025; (8) failing to comply with substance

abuse treatment requirements on February 26, 2025; (9) being terminated from sex offender treatment on February 26, 2025; (10) using alcohol on or about February 27, 2025; and (12) in the weeks leading up to his arrest on February 28, 2025, having access to a cell phone without the approval of his probation officer.

The Court **RECOMMENDS:**

That the District Court revoke LaPlant's supervised release and sentence LaPlant to custody for 4 months, with 113 months of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 11th day of March 2025.

John Johnston
United States Magistrate Judge