**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CR-19-13-GF-BMM** |
| Plaintiff, | |
| vs. | |
| | **ORDER** |
| DYLAN BLAKE LAPLANT, | |
| Defendant. | |

United States Magistrate Judge John Johnston entered Findings and

Recommendations in this matter on July 24, 2025.  (Doc. 69.) Defendant, Dylan

LaPlant (LaPlant) filed an objection on July 24, 2025.  (Doc. 70.) The Court

reviews de novo findings and recommendations to which a party objects. 28 U.S.C.

§ 636(b)(1).

Judge Johnston conducted a revocation hearing on July 16, 2025. (Doc.

65.)  The United States accused LaPlant of violating his conditions of supervised

release by: (1) accessing the internet without the approval of his probation officer

on June 30, 2025; (2) consuming alcohol on July 2, 2025; and (3) being

terminated from sex offender treatment on July 3, 2025. (Doc. 63.)

At the revocation hearing, LaPlant admitted to having violated the

conditions of his supervised release set forth in the petition.  (Doc. 65.)  Judge

Johnston found the violations LaPlant admitted are serious and warrants

revocation of LaPlant's supervised release.

Judge Johnston recommended LaPlant be incarcerated for 6 months, with

107 months of supervised release to follow. (Doc. 69.) LaPlant was advised of his

right to appeal and allocute before the undersigned. (Doc. 65.)

LaPlant now opposes Judge Johnston's Findings and Recommendations,

objecting to Judge Johnston's recommended sentence.  (Doc. 70.)

The Court has reviewed Judge Johnston's Findings and Recommendations

as well as LaPlant's objection.  The undersigned conducted a revocation hearing

on August 25, 2025.  (Doc. 72.)  LaPlant and his attorney were allowed to

allocute before the undersigned.  (*Id*.)  The Court has also considered the 18

U.S.C. § 3553(a) factors and agrees in part with Judge Johnston's Findings and

Recommendations.

LaPlant's violations of his conditions of supervised release represent a

serious breach of the Court's trust. This violations prove serious. Judge Johnston

has recommended that the Court revoke LaPlant's supervised release and commit

him to the custody of the Bureau of Prisons until December 23, 2025 at 5:00

p.m., with 107 months supervised release to follow.  (Doc. 72.)  Accordingly,

**IT IS HEREBY ORDERED** that Judge Johnston's Findings and

Recommendations, (Doc. 69) are ADOPTED IN PART.

**IT IS FURTHER ORDERED** that Defendant Dylan Blake LaPlant be

sentenced to the custody of the Bureau of Prisons until December 23, 2025 at

5:00 p.m., with 107 months supervised release to follow. During the term of his

supervised release, LaPlant shall be placed in a residential reentry facility for a

period of 12 months at the direction of his probation officer. Should LaPlant be

unable to be placed in a residential reentry facility at the time of his release from

custody, he shall be subject to home detention and placed on Soberlink until such

placement is secured. This sentence is sufficient but not greater than necessary.

DATED this 25th day of August 2025.

Brian Morris, Chief District Judge
United States District Courts